```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
                                                ELECTRONICALLY FILED
                                                DOC #:_____
------------------------------------------------X  DATE FILED: 7/12/2018
PKT ASSOCIATES, INC.,                           :
                                                :
                             Plaintiff,         :   18-CV-1169 (VEC)
                                                :
              -against-                         :
                                                :   MEMORANDUM OPINION
GRANUM GROUP, LLC,                              :        AND ORDER
                                                :
                             Defendant.         :
------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff PKT Associates, Inc. brings this action against Defendant Granum Group, LLC for the enforcement of a foreign arbitration award, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 201 *et seq.* For the following reasons, Plaintiff's petition to enforce the award is GRANTED.

## BACKGROUND

In March and April 2016, Plaintiff and Defendant entered into three contracts for Defendant to sell approximately 625 metric tons of chickpeas to Plaintiff. *See* Compl., Dkt. 1, ¶ 11. The contracts obligated Defendant to ship the chickpeas from Russia to India and Pakistan. *See id.* The contracts provided that all disputes would be resolved in arbitration before the Grain and Feed Trade Association ("GAFTA"), an international organization. *See id.* Ex. A ¶ 2.3.

Defendant breached the contract in September and October 2016 by failing to ship the chickpeas as promised. *See id.* Ex. A ¶¶ 3.7, 4.1–4.3. In November 2016, Plaintiff initiated arbitration before GAFTA. *See id.* Ex. A ¶ 3.9. The parties each filed submissions to the arbitration panel. *See id.* Ex. A ¶ 1.7. The panel awarded Plaintiff $111,250.00 in damages, plus interest at 4 percent per annum (compounded quarterly beginning on November 18, 2016).

*Id.* Ex. A ¶ 6.1. Plaintiff alleges that Defendant has failed to pay the arbitration award. *See id.* ¶ 17.

Plaintiff filed the Complaint in this case on February 8, 2018. *See* Compl. Plaintiff served Defendant on February 26, 2018, but Defendant has not answered the Complaint or otherwise appeared in this action. *See* Aff. of Service, Dkt. 6.

## DISCUSSION

### I. The Court Has Subject-Matter Jurisdiction Over This Action

A petition to enforce arbitration does not independently present a federal question, so whether the Court has jurisdiction turns on whether the Convention applies. *See LGC Holdings, Inc. v. Julius Klein Diamonds, LLC*, 238 F. Supp. 3d 452, 460 (S.D.N.Y. 2017) (citing *Bakoss v. Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135*, 707 F.3d 140, 142 n.4 (2d Cir. 2013)). Here, both parties are citizens of the United States, *see* Compl. ¶¶ 2–3, so the Convention applies only if the parties' relationship "involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states," 9 U.S.C. § 202. The parties' agreement to sell and ship products outside of the United States is sufficient to meet this standard. *See LGC Holdings*, 238 F. Supp. 3d at 461 (collecting cases). As a result, the Convention applies to this action, and the Court has subject-matter jurisdiction over it.

### II. Plaintiff's Petition to Enforce the Arbitration Award Is Granted

#### A. No Exception to Enforcement of Arbitration Awards Applies Here

This Court is required to confirm a foreign arbitration award falling under the Convention unless the Court finds that an exception specifically enumerated in the Convention applies.[1]

---

[1] This Court's power under the Convention to review the arbitration award is limited because the award was not made in the country where this Court is located. *See* Compl. Ex. A ¶ 1.13; *LGC Holdings*, 238 F. Supp. 3d at

*See* 9 U.S.C. § 207; *LGC Holdings*, 238 F. Supp. 3d at 465. The party seeking to avoid enforcement of the award bears the burden of showing that one of these exceptions applies. *See NAR S.p.A.-Industria Nastri Adesivi v. I.R. Indus.*, 5 F. Supp. 2d 203, 204 (S.D.N.Y. 1998). But if a petition to enforce an arbitration award is unopposed, a court need not inquire on its own into whether an exception to enforcement applies. *See id.*

Here, Defendant has failed to answer Plaintiff's allegations or otherwise appear in this action, so no exception to enforcement has been raised. Nothing in Plaintiff's Complaint gives the Court reason to believe that the dispute between the parties is so unusual that the Court should inquire further. Thus, Plaintiff's petition to enforce the arbitration award of damages plus interest and costs is GRANTED.

B.    **The Court Awards Damages and Interest to Plaintiff**

The award entitles Plaintiff to $111,250.00 in damages, plus interest at 4 percent per annum (compounded quarterly beginning on November 18, 2016). Compl., Ex. A ¶ 6.1. As an initial matter, the Court awards Plaintiff **$111,250.00** in damages. As for interest, in court filings and at a May 18, 2018 conference, Plaintiff stated that it would waive its right to compound interest and, instead, accept a simple per diem interest calculation (at a rate of 4 percent per annum). *See* Aff. for Judgment by Default, Dkt. 7-2, at 2. The Court therefore awards Plaintiff interest at a rate of 4 percent per annum, calculated on a per diem basis between November 18, 2016 and the date of this opinion, July 12, 2018, for a total interest calculation of **$7,327.26**. The Court also awards Plaintiff additional interest, calculated on a per diem basis at a rate of 4 percent per annum, between the date of this opinion and the date of payment.

---

464–65. If Plaintiff had brought this action in the United Kingdom, which is where the arbitration award was made, the reviewing court could have broader review powers. *See LGC Holdings*, 238 F. Supp. 3d at 464–65.

## C. The Court Awards Costs to Plaintiff

Plaintiff seeks to recover the costs of this lawsuit, namely, the $400.00 filing fee and $170.09 in service-of-process costs. *See* Aff. for Judgment by Default, Dkt. 7-2, at 2. Costs are generally not recoverable from an opposing party, but courts have inherent power to award them in successful petitions to confirm arbitration awards "when a challenger refuses to abide by an arbitrator's decision without justification." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16-CV-6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks omitted) (quoting *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

An award of costs is justified here. After participating in the arbitration process, Defendant was bound to pay Plaintiff the arbitral award. Defendant's failure to do so, without justification, has caused Plaintiff to incur the costs of initiating this lawsuit. Equity demands that Plaintiff be reimbursed for these costs. Accordingly, the Court awards Plaintiff **$570.09** in costs.

## CONCLUSION

For all the foregoing reasons, Plaintiff's petition to enforce the foreign arbitration award is GRANTED.

The Clerk is respectfully directed to enter judgment for Plaintiff in the amount of $111,250.00 in damages, $7,327.26 in interest, $570.09 in costs, and additional interest at a rate

of 4 percent per annum (calculated on a per diem basis between the date of this opinion and the date of payment).

The Clerk is also respectfully directed to terminate all open motions and to close the case.

**SO ORDERED.**

**Date: July 12, 2018**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**